1
2   P. Stephen Lamont
3   Confidential
4   Santa Clara, Cal. 95110
5   Tel.: (914) 217-0038
6   Email: p.stephen.lamont@gmail.com
7

**FILED**

MAY 22 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8
9
10   **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT**  *(PR)*
11   **OF CALIFORNIA**
12
13
14   **P. STEPHEN LAMONT**
15
16   Plaintiff,
17                                    **CV 18    2997**   *HRL*
18   v.
19
20                                                **CASE NO.:**
21
22                                                **COMPLAINT**
23
24   **NOREEN T. ROTHMAN, WAYNE HUMPHREY,**
25   **RAMONITA REYES, LESLIE FARUCCI,**
26   **COUNTY OF WESTCHESTER**
27
28   Defendants.
29
30   **JURY TRIAL DEMANDED**
31
32
33           **COMPLAINT FOR VIOLATION OF 18 U.S.C.A. §§ 1961 et seq.**
34
35
36                              **JURISDICTION**
37
38   1.     This is an action for relief, proximately the result of conduct engaged in by
39   Noreen T. Rothman, Wayne Humphrey, Ramonita Reyes, Leslie Farucci, and the

40   County of Westchester, in violation of 18 U.S.C.A. §§ 1961 et seq., and

41   Supplementary Claims.

42   2.      This Court has personal jurisdiction over the Defendants because all factual

43   allegations derive from violations of 18 U.S.C.A. §§ 1961 et seq., and for the sake

44   of judicial expediency, this Court has supplemental jurisdiction over all other

45   claims, brought now or ever, that are so related to claims in the actions of the

46   parties within such original jurisdiction that they form part of the same dispute

47   pursuant to 28 U.S.C. §1367.

48   3.      This Court has subject matter jurisdiction over this dispute pursuant to 28

49   U.SC. §§ 1331 and 1338 (federal question jurisdiction). Jurisdiction is premised

50   upon Defendants' violation of 18 U.S.C.A. §§ 1961 et seq.

51                                   **VENUE**
52
53   4.      Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400 because

54   the bulk of Plaintiff's business is transacted in Santa Clara County, California, and

55   for the Defendants that do not, and for the sake of judicial expediency, this Court

56   has supplemental jurisdiction over the Defendants that are so related to claims in the

57   actions of the parties within such original jurisdiction that they form the Court's

58   jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

59   5.      This is an action for witness tampering, obstruction of justice, extortion, and

60   using power of political office improperly brought against both public and private

61    actors, who have injured Plaintiff, and caused him to suffer grievous losses.

62                                    **THE PARTIES**
63
64    6.      Plaintiff, P. Stephen Lamont (hereinafter "Lamont" or "Plaintiff"), is a *sui*

65    *juris* resident of Santa Clara County, California residing at:

66    Confidential
67    Santa Clara, Cal 95110
68    Tel.: +1 (914) 217-0038
69
70    7.      Federal defendant Noreen T. Rothman (hereinafter "Rothman") is a *sui juris*

71    Assistant County Attorney in the Offices of John M. Nonna, Westchester County

72    Attorney with a principal place of business at:

73    148 Martine Avenue
74    Westchester County,
75    White Plains New York 10601
76    +1 (914) 995-2000
77
78    8.      Federal defendant Ramonita Reyes (hereinafter "Reyes") is a *sui juris* senior

79    caseworker in the New York State Office of Children and Maltreatment Register

80    with a principal place of business at:

81    85 Court Street
82    Westchester County,
83    White Plains New York, 10601
84    +1 (914) 995-8452
85
86    9.      Federal defendant Leslie Farucci (hereinafter "Farucci") is a *sui juris* senior

87    caseworker in the New York State Office of Children and Maltreatment Register

88    with a principal place of business at:

89   85 Court Street
90   Westchester County,
91   White Plains New York, 10601
92   +1 (914) 995-5928
93
94   10.   Federal defendant Wayne Humphrey (hereinafter "Humphrey") is a *sui juris*

95   Deputy County Attorney in the Offices of John M. Nonna, Westchester County

96   Attorney with a principal place of business at:

97   148 Martine Avenue
98   Westchester County,
99   White Plains New York 10601
100  +1 (914) 995-2000
101

102  11.   Federal defendant County of Westchester (hereinafter "County") is a county

103  in the U.S. State of New York, covering an area of 450 square miles, consisting of

104  48 municipalities with a principal place of business at:

105  Martin Luther King, Jr. Boulevard
106  Westchester County,
107  White Plains New York, 10601
108  +1 (914) 995-8452
109

110  ## STATEMENT OF RELEVANT FACTS
111

112  **The Child Neglect Trial**
113

114  12.   In a fact finding hearing from July 23, 2015 to August 31, 2015 it became

115  abundantly clear that Respondent's (the Plaintiff in this action) Counsel was so far

116  ahead that the only determination that could be made was dismissal of the Petition.

117  The reason for the recusal of Hon. Rachel Hahn is, upon information and belief, that

118   the only way available to avoid dismissal of the Petition was to declare a mistrial

119   and give Federal Defendant Rothman the means to regroup and thereby began a

120   conspiracy to obstruct justice in her trial proceedings.

121   13.   In a February 29, 2016 fact finding hearing in Westchester Family Court it

122   was established that Federal defendant Rothman took the opportunity offered by

123   Hahn and committed prosecutorial misconduct by tampering with a witness, Federal

124   defendant Ramonita Reyes, to change her testimony from what  defendant Reyes

125   testified to on July 23, 2015 (mistrial declared Hahn, R. and see Transcript of July

126   23, 2016 versus March 1, 2016 attached as Exhibits "A" and "B" at

127   https://sites.google.com/a/arumaitechnologies.com/arumai-technologies-inc-

128   enabling-connected-tv/home/court-exhibits, where "B", the tampered with

129   testimony, in a fair reading and comparison shall indicate the tampering).

130   14.   In an April 20, 2016 letter, State defendant Farucci invoked the authority of

131   her office when she sent Plaintiff one of many monthly letters, the implication being

132   threatening further legal intervention and changing the goal from reunification to out

133   of State adoption if Plaintiff did not comply with her demands attached herein as

134   Exhibit "D" and Exhibit "E."

135   15.   On March 29, 2016, Plaintiff made an application for a mistrial on the grounds

136   of prosecutorial misconduct (the differing testimony between Exhibit "A" and

137   Exhibit "B" where Exhibit "B" now meets the definition of the legal term "unsanitary

138    conditions" under New York State case law of which Federal defendant Rothman

139    was well aware and designed the testimony as such). Hon. Arlene Katz denied the

140    motion without oral argument the implication being that she tolerates and condones

141    witness tampering in her trial proceedings and thereby created a civil conspiracy to

142    cover up initiated by Hahn.

143    16.    In a June 24, 2016 fact finding hearing in Westchester Family Court, Katz

144    invoked the authority of her office and halted the proceedings in so far as a further

145    direct examination of Federal defendant Reyes by Respondent's counsel Christina T.

146    Hall, Esq., retired to her chambers, only to reappear minutes later and made a

147    determination of Neglect against Respondent. By halting the proceedings just prior

148    to the direct examination of Ms. Hall with Federal defendant Reyes (the tampered

149    with party), Federal defendant Katz continued a civil conspiracy to cover up witness

150    tampering and obstruction of justice in her trial proceedings and violated Plaintiff's

151    Sixth Amendment right to face his accusers.

152    17.    When viewing the case history of Federal defendant Rothman in Westchester

153    Family Court, she has a remarkable track record in indicating respondents under

154    the claim of "unsanitary conditions." If she had to tamper with a witness in this case

155    to meet the test, it has been going on for years, *res ipsa loquitur*.

156    18.    Upon the foregoing premises, Federal defendant Humphrey and Federal

157    defendant County were under an obligation to supervise Federal defendant Rothman

158  and they did not.

159  **The Parental Rights Trial**
160
161  19.      In July 2016, the Westchester County Department of Social Services ("DSS")

162  made a Petition to Terminate the Plaintiff's Parental Rights in retaliation for bringing

163  related complaints in this action, including but not limited to Index No.: 65982/2016

164  *Lamont v. Farucci*, et al. (the "Abuse of Process Complaint." The Federal defendants

165  defaulted in this action and there is a pending Application for Judgment by Default).

166  20.      The parental rights trial was eventually set for January 9, 2017.

167  21.      Rather than arguing the salient points of permanent neglect which include but

168  are not limited to: severe or chronic abuse or neglect, sexual abuse, abuse or neglect

169  of other children in the household, abandonment, long-term mental illness or

170  deficiency of the parent(s), long-term alcohol or drug-induced incapacity of the

171  parent(s), failure to support or maintain contact with the child, or involuntary

172  termination of the rights of the parent to another child, Federal defendant Rothman

173  honed in on failure to maintain contact with the child and tampered with and

174  instructed Federal defendant Farucci to make false statements of fact under oath.

175  22.      On cross examination, Federal defendant Farucci was forced to admit that she

176  made false statements of fact under oath, at the behest of Federal defendant

177  Rothman, no less than four (4) times evidenced by Exhibit "C" at

178  https://sites.google.com/a/arumaitechnologies.com/arumai-technologies-inc-

179    enabling-connected-tv/home/court-exhibits

180    23.    Upon the foregoing premises, Federal defendant Humphrey and Federal

181    defendant County were under an obligation to supervise Federal defendant Rothman

182    and they did not.

183    24.    On April 24, 2017, Schauer issued an adjournment with the contemplation of

184    dismissal for a period of one (1) year so long as Plaintiff entered individual therapy

185    notwithstanding the fact that there was neither no evidence before her nor allegations

186    in the neglect petition that Plaintiff needed individual therapy; Plaintiff entered

187    individual therapy under Melissa Pirwani, LCSW on October 17, 2017.

188    **VIOLATIVE ACTS**

189

190    25.    Obstruction can include crimes committed by judges, prosecutors, attorneys

191    general, and elected officials in general. It is misfeasance, malfeasance or

192    nonfeasance in the conduct of the office. Most commonly it is prosecuted as a

193    violation of perjury. In the Hahn trial, though not a Federal defendant in this action,

194    she began the conspiratorial act of obstructing justice by recusing herself knowing

195    that the next trial date would be six months later to give the County more time to

196    regroup.

197    26.    Witness tampering is the act of attempting to alter or prevent the testimony of

198    witnesses within criminal or civil proceedings. Laws regarding witness tampering

199    also apply to proceedings before Congress, executive departments, and

200  administrative agencies. To be charged with witness tampering in the United States,

201  the attempt to alter or prevent testimony is sufficient. There is no requirement that

202  the intended obstruction of justice be completed.

203  27.     When Federal defendant Rothman coached Federal defendant Reyes and

204  Federal defendant Farucci to change their testimony under oath, upon information

205  and belief, she did so by telephone.

206  28.     When Federal defendant Rothman allegedly coached Federal defendant Reyes

207  and Federal defendant Farucci to change their testimony under oath, upon

208  information and belief, she did so as a means to obstruct justice.

209  29.     When Federal defendant Farucci threatened Plaintiff, the implication being

210  termination of parental rights and recommendation of out of state adoption if

211  Plaintiff did not comply with her demands, she did so as a means to extort Plaintiff.

212  30.     In trial proceedings on July 23, 2015 (Hahn, R. mistrial declared on August

213  31, 2015), Federal defendant Reyes was only able to say that her shoes stuck to the

214  floor in Plaintiff's house and that she saw spots on 2 of 7 bath towels that appeared

215  to be feces.

216  31.     Reyes was unable to corroborate any other allegations contained within her

217  Petition in the Family Court Proceedings. At this point the testimony does not meet

218  the definition of the legal term, "unsanitary conditions," under New York State case

219  law (see *Matter of Jennifer B.*, 163 AD2d 910, 558 NYS2d 429 (4th Dept. 1990),

220    *Matter of Pedro F.,* 622 NYS 2d 518 (1st Dept. 1995), *Matter of Billy Jean II* 640

221    NYS2d 326 (3rd Dept. 1996)).

222    32.    Perturbed, in trial proceedings on March 1, 2016 (Katz, A.) Federal defendant

223    Rothman instructed Reyes to change her testimony to state that there were urine and

224    feces on the floor, urine and fecee in the bath tub, urine and feces on the commode,

225    urine and feces in the sink, and urine and feces on the wall, and did so with malice

226    and intent.

227    33.    In fact, the only place Federal defendant Reyes did not see urine and feces

228    was on the ceiling though there is no factual evidence that she looked up.

229    34.    At this point the testimony DOES meet the definition of the legal term,

230    "unsanitary conditions," under New York Federal case law.

231    35.    Similarly perturbed and in retaliation for bringing complaints, on January 9,

232    2017, Federal defendant Rothman instructed Federal defendant Farucci to falsely

233    testify that Plaintiff failed to confirm multiple visitations with the child.    At this

234    point the testimony DOES meet the definition and provides a causal nexus for the

235    forfeiture of parental rights.

236    36.    These communications were a scheme to defraud, proven by an attempt to add

237    to the allegations to the Petition that commenced the Family Court Proceedings and

238    to support the allegation of the Petition to Terminate Parental Rights.

239    37.    The property, as an object of the scheme, was a successful determination of

240 permanent neglect and Termination of Parental Rights by Federal defendant
241 Rothman.

242 38.     In preparing for the March 1, 2016 trial and the January 9, 2017 trial, these
243 communications took place, upon information and belief, in telephone
244 conversations.

245 39.     Federal defendants Rothman, Reyes, and Farucci were involved in these
246 communications. These communications were fraudulent as evidenced by a
247 comparison of Exhibit "A" and "B" and Exhibit "C" at
248 https://sites.google.com/a/arumaitechnologies.com/arumai-technologies-inc-
249 enabling-connected-tv/home/court-exhibits and has harmed Plaintiff and the injury
250 was caused by the violation of 18 U.S.C.A. §§ 1961 et seq.

251 40.     On June 24, 2016, Katz, though not a subject of the instant action, abused her
252 discretion when she halted the proceedings just before Respondent's Counsel (this
253 Plaintiff) was to begin direct examination of Federal defendant Reyes (the tampered
254 with party) and began a conspiracy to cover up witness tampering and obstruction
255 of justice in her trial proceedings.

256 41.     On October 16, 2017 Schauer, though not a subject of the instant action,
257 abused her discretion when she heard and ruled and terminated Plaintiff's parental
258 rights without giving Plaintiff the full 12 months to undergo individual therapy that
259 she ordered on April 24, 2017.

260   42.   Schauer not only abused her discretion, but rubber stamped the violation

261   charge of DSS and *violated her own* April 24, 2017 order. Adjournment extensions

262   when needed, which is not the case here, are routinely granted (see Family Court

263   Act - §§ 1039, 1052).

**Tampering with a Witness - Legal Standard**

266   18 U.S. Code § 1512 (b) provides:

268          Whoever knowingly uses intimidation, threatens, or corruptly persuades
269          another person, or attempts to do so, or engages in misleading conduct toward
270          another person, with intent to

272          (1) influence, delay, or prevent the testimony of any person in an official
273               proceeding…;

275   18 U.S. Code § 1512 (c) (2) provides:

277          Whoever corruptly-otherwise obstructs, influences, or impedes any official
278          proceeding, or attempts to do so…

280   18 U.S. Code § 1512 (e) provides:

282          In a prosecution for an offense under this section, it is an affirmative defense,
283          as to which the defendant has the burden of proof by a preponderance of the
284          evidence, that the conduct consisted solely of lawful conduct and that the
285          defendant's sole intention was to encourage, induce, or cause the other person
286          to testify truthfully.

288   18 U.S.C. § 1515 (3) provides:

290          the term "misleading conduct" means-knowingly making a false statement;

292          (A) knowingly making a false statement

294          (B) intentionally omitting information from a statement and thereby causing
295          a portion of such statement to be misleading, or intentionally concealing a

296     material fact, and thereby creating a false impression by such statement
297
298     (E) knowingly using a trick, scheme, or device with intent to mislead;
299
300 18 U.S.C. § 1515 (b) provides:
301
302     (b) As used in §1505, the term "corruptly" means acting with an improper
303     purpose, personally or by influencing another, including making a false or
304     misleading statement, or withholding, concealing, altering, or destroying a
305     document or other information
306
307 **Discussion**
308
309 43.     Plaintiff states, by Exhibit "A" in comparison Exhibit "B" and Exhibit "C" the

310 facts of the instant action make it abundantly clear that Federal defendant Rothman

311 knowingly, corruptly persuaded Federal defendant Reyes and attempted to do so, to

312 engage in misleading conduct and persuaded Federal defendant Reyes with the intent

313 to (1) influence, delay, or prevent the testimony of Federal defendant Reyes in an

314 official proceeding. Federal defendant Rothman committed witness tampering under

315 the Federal equivalent of 18 U.S.C. §1512.

316 44.     Federal defendant Rothman simply asked Federal defendant Reyes and

317 Federal defendant Farucci to tell less than the whole truth and Federal defendant

318 Reyes and Federal defendant Farucci knew that they were being asked to tell less

319 than the whole truth, therefore Federal defendant Rothman corruptly persuaded the

320 witness and is a violation of the laws, *res ipsa loquitur*, and has harmed Plaintiff and

321 the injury was caused by the violation of 18 U.S.C.A. §§ 1961 .

322 **Obstruction of Justice - Legal Standard**

323

324     45.     18 U.S. Code § 1503 and the State equivalent provides:

325                Whoever corruptly…endeavors to influence, obstructs, or impedes, or
326                endeavors to influence, obstruct, or impede, the due administration of
327                justice.

328

329 **Discussion**

330

331     46.     18 U.S.C. §1515 states:

332

333                …the term "corruptly" means acting with an improper purpose, personally or
334                by influencing another, including making a false or misleading statement, or
335                withholding, concealing, altering, or destroying a document or other
336                information.

337

338     47.     Plaintiff states, by Exhibit "A" in comparison Exhibit "B" and Exhibit "C" the

339     facts of the instant action make it abundantly clear that Federal defendant Rothman

340     did corruptly endeavor to influence, obstructs, or impedes, or endeavors to influence,

341     obstruct, or impede, the due administration of justice. In doing so, Federal

342     defendants Rothman, Reyes, and Farucci committed obstruction of justice under

343     Section 1503.

344     **48.**     Federal defendant Rothman simply asked Federal defendant Reyes and

345     Federal defendant Farucci to tell less than the whole truth and Federal defendant

346     Reyes and Federal defendant Farucci knew that they were being asked to tell less

347     than the whole truth, therefore Federal defendant Rothman corruptly influenced,

348     obstructed, impeded, and endeavored to influence, obstruct, or impede, the due

349     administration of justice and is a violation of the statute, *res ipsa loquitur*, and has

350   harmed Plaintiff and the injury was caused by the violation of 18 U.S.C.A. §§ 1961

351   . **Extortion -Legal Standard**

352

353   49.    In law, extortion is defined as the obtaining of property from another with his

354   or her consent, by the wrongful use of either force or fear, or under color of official

355   right. The property or right to property must be obtained. This can be either the

356   property itself or the right to it.

357   50.    Property rights that can be transferred to constitute extortion

358   51.    The right to prosecute a lawsuit or an appeal.

359   52.    Obtaining an official act of a public officer can be the basis of extortion.

360   53.    If a person makes an extortionate demand in writing he may guilty even if the

361   victim parts with no property.

362   54.    Any person who, by use of improper threat, another person's signature on any

363   document gets giving a property right may be charged with extortion even if the

364   property right is never actually obtained.

365   **Discussion**

366

367   55.    By Exhibit "D" of the instant action, Plaintiff alleges that Federal defendant

368   Farucci is in possession of property of the Plaintiff, his son, SL, without his consent.

369   56.    Federal defendant Farucci induced Plaintiff to provide that property under

370   color of official right.

371   57.    Where Federal defendant Farucci states" there has been no progress toward

372  reunification, the implication is that Federal defendant Farucci will seek further legal

373  intervention against  Plaintiff (termination of parental rights) and directing SL to out

374  of state adoption should Plaintiff not acceded to her demands to, *inter alia*, seek

375  deep-seated, forensic therapy where there was no  such allegation of mental illness

376  in the Petition that commenced the Family Court proceedings, *res ipsa loquitur*, and

377  has harmed Plaintiff and the injury was caused by the violation of 18 U.S.C.A. §§

378  1961.

379  58.    On May 24, 2016, Federal defendant Farucci sent Plaintiff a letter threatening

380  him with termination of his parental rights should he not comply with her baseless

381  demands attached herein as Exhibit "D," in further violation of the laws.

382  **Conspiracy to Cover Up Witness Tampering and Obstruct Justice - Legal**
383  **Standard**
384
385  59.    42 U.S.C. § 1985 provides:

386           If two or more persons in any State or Territory conspire to deter, by force,
387           intimidation, or threat, any party or witness … from attending such court, or
388           from testifying to any matter pending therein, freely, fully, and truthfully, or
389           to … to influence the verdict, presentment, or indictment of any grand or petit
390           juror in any such court, or to injure such juror in his person or property on
391           account of any verdict, presentment, or indictment lawfully assented to by
392           him, or of his being or having been such juror; or if two or more persons
393           conspire for the purpose of impeding, hindering, obstructing, or defeating, in
394           any manner, the due course of justice in any State or Territory, with intent to
395           deny to any citizen the equal protection of the laws, or to injure him or his
396           property for lawfully enforcing, or attempting to enforce, the right of any
397           person, or class of persons, to the equal protection of the laws;
398
399  **Discussion**
400

401   60.    On June 24, 2016, Hon. Arlene Katz (not a party to the instant action) was so

402   fearful that Respondent's Counsel's (this Plaintiff) direct examination of Federal

403   Defendant Reyes (the tampered with party) would break the allegations of witness

404   tampering and obstruction of justice wide open and point to the complicity of Katz

405   in denying a March 29, 2016 Motion for a Mistrial on the grounds of prosecutorial

406   misconduct that she abruptly halted the proceedings and reconvened minutes later

407   to sustain the County's petition against the Plaintiff (Respondent in Family Court).

408   61.    In doing so, Katz picking up from Hahn and Rothman and created a

409   conspiracy to cover up witness tampering and obstruction of justice in her trial

410   proceedings; Katz violated Plaintiff's Sixth Amendment right to face his accusers.

411   **Abuse of Discretion - Legal Standard**

412

413   62.    On June 24, 2016, Katz abused her discretion, where abuse of discretion is

414   defined as "a plain error, discretion exercised to an end not justified by the evidence,

415   a judgment that is clearly against the logic and effect of the facts as are found"

416   *Rabkin v. Oregon Health Sciences Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) and

417   "when the appellate court is convinced firmly that the reviewed decision lies beyond

418   the pale of reasonable justification under the circumstances" (see *Kode v. Carlson*,

419   596 F.3d 608, 612-13 (9th Cir. 2010) (per curiam)) and halted the proceedings just

420   before Respondent's Counsel (this Plaintiff) was to begin direct examination of

421   Federal defendant Reyes (the tampered with party) and began a conspiracy to cover

422   up witness tampering and obstruction of justice in her trial proceedings.

423   63.   A court abuses its discretion when:

424          a.   A court does not apply the correct law or rests its decision on a clearly

425               erroneous finding of a material fact. See *Jeff D. v. Otter*, 643 f.3d 278

426               (9th Cir. 2011) (citing *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257

427               (9th Cir. 2004)).

428          b.   A court rules in an irrational manner. See *Chang v. United States*, 327

429               F.3d 911, 925 (9th Cir. 2003);

430          c.   A court makes an error of law.  See *Koon v. United States*, 518 U.S. 81,

431               100 (1996); and

432          d.   Record contains no evidence to support the court's decision.   See

433               *Oregon Natural Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir.

434               1995).

435
436   **Discussion**
437
438   64.   Katz was in possession of the entire record from February 4, 2015 to June 24,

439   2016.

440   65.   On October 1, 2015, Katz claimed she had reviewed the entire record.

441   66.   Katz was presiding over trial proceedings on March 1, 2016 and having

442   reviewed the record noticed the material differences in the testimony of Federal

443   defendant Reyes (the tampered with party).

444   67.   Katz was presented with a motion for mistrial on March 29, 2016 on the

445   grounds of prosecutorial misconduct and on June 24, 2016 Federal Defendant Katz

446   abused her discretion, and halted the proceedings just before Respondent's Counsel

447   (this Plaintiff) was to begin direct examination of Federal defendant Reyes (the

448   tampered with party) and began a conspiracy to cover up witness tampering and

449   obstruction of justice in her trial proceedings, *res ipsa loquitur*, and sustained the

450   County Petition of Neglect against Plaintiff.

451   68.   On April 24, 2017, Hon. Michele I. Schauer (not a party to the instant action)

452   ordered an adjournment in contemplation of dismissal in the Parental Rights Trial

453   for one (1) year, and by hearing a violation charge five (5) months later, and issuing

454   an adverse ruling against Plaintiff, Schauer not only abused her discretion but

455   *violated her own April 24, 2017 order*.

456
457   **FEDERAL DEFENDANT ROTHMAN IS NOT ENTITLED TO QUALIFIED**
458   **IMMUNITY OR ABSOLUTE PROSECUTORIAL IMMUNITY.**
459
460   69.   The U.S. Supreme Court has carved out one limited exception to absolute

461   immunity: When prosecutors act as investigators they lose their absolute immunity,

462   at which point they are only protected by the doctrine of qualified immunity.

463   70.   In Buckley v. Fitzsimmons (91-7849), 509 U.S. 259 (1993), the prosecutor

464   accused of manufacturing evidence while aiding with the police investigation was

465   not the same prosecutor who tried the case. The 7th Circuit ruled that the actual

466  injury incurred by the defendant as a result of the misconduct occurred at trial, not

467  during the investigation. The U.S. Supreme Court took the case on appeal. The court

468  ruled that prosecutor was only entitled to qualified immunity and that his actions

469  were egregious enough that qualified immunity could not protect him.

470  71.   In *Pottawattamie Cnty. v. McGhee*, 558 U.S. 1103, 130 S. Ct. 1047, 175 L.

471  Ed. 2d 641 (2010) [2010 BL 5858] prosecutors were accused of manufacturing

472  evidence. The attorneys for the prosecutors argued that the actual harm done to a

473  defendant by misconduct committed during an investigation only attaches when that

474  evidence is introduced against him at trial.

475  72.   In *Fields v. Wharrie*, the recent decision from the 7th Circuit, Fields

476  discovered that prosecutors had knowingly coerced witnesses into giving false

477  testimony. Writing for the majority, Judge Richard Posner makes it clear that

478  *Buckley* was a special circumstance in which one prosecutor replaced another before

479  trial, and that it should not be used to close the investigation exception to absolute

480  immunity.

481  73.   When Federal defendant Rothman prepared Federal Defendant Reyes for the

482  second Child Neglect trial and prepared Federal defendant Farucci for the Parental

483  rights trial she acted as an investigator but when Federal Defendant Rothman,

484  brought her investigated "results" to trial it attaches. Federal Defendant Rothman,

485  violated clearly established law of which a reasonable prosecutor should have known

486   in *Buckley*.

487   74.   Respectfully, no matter what absolute or qualified immunity defense the

488   Federal defendant Rothman tries to employ there is no getting around the *Buckley*,

489   *Pottawattamie Cnty*, and *Fields*.

490   **FEDERAL DEFENDANTS REYES, FARUCCI, AND HUMPHREY ARE**
491   **NOT ENTITLED TO QUALIFIED IMMUNITY OR ABSOLUTE**
492   **IMMUNITY.**
493
494   75.   In *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486 (3d

495   Cir.1997), the court held that, like prosecutors, child welfare workers often have to

496   make decisions in a short amount of time and with limited information.

497   76.   Additionally, the court explained that child services workers are like

498   prosecutors because they are "'advocates for the State' " and serve in a function

499   "'intimately associated with the judicial phase of the [child protection] process.' " Id.

500   (quoting *Imbler*, 424 U.S. at 430-31 n. 33, 96 S.Ct. at 995, 996 n. 33). Specifically,

501   the Court noted that child welfare workers are directly responsible for

502   recommendations made to the court in dependency proceedings and for their actions

503   in determining those recommendations and communicating them to the court. We

504   concluded that this direct responsibility was similar to a prosecutor's in criminal

505   prosecutions.

506   77.   As the 3rd Circuit likens child workers to prosecutors, Federal defendants

507   Reyes, Farucci, and Humphrey are not protected by absolute or qualified immunity.

508   78.    Respectfully, no matter what absolute or qualified immunity defense the

509   Federal defendants Reyes, Farucci, and Humphrey try to employ there is no getting

510   around the *Ernst* and *Imbler*.

511   **VENUE IS PROPER**

512   79.    18 U.S. Code § 1965 provides:

513   (a) Any civil action or proceeding under this chapter against any person may
514        be instituted in the district court of the United States <u>for any district in</u>
515        <u>which such person resides, is found, has an agent, or transacts his affairs.</u>
516
517   (b) In any action under section 1964 of this chapter in any district court of the
518        United States in which it is shown that <u>the ends of justice require that other</u>
519        <u>parties residing in any other district be brought before the court, the court</u>
520        <u>may cause such parties to be summoned, and process for that purpose may</u>
521        <u>be served in any judicial district of the United States by the marshal</u>
522        <u>thereof.</u>
523
524   **SUMMARY**
525
526   80.    Plaintiff has pled with particularity (1) a violation of the laws in assertion of

527   witness tampering, obstruction of justice, extortion, conspiracy to cover up, and

528   abuse of discretion (2)  an injury to business or property in a fraudulent intent to add

529   to the false allegation of Neglect contained within the Petition that commenced the

530   Family Court Proceedings; and (3) that the injury was caused by the violation of 18

531   U.S.C.A. §§ 1961 by the assertion of fraud, witness tampering, obstruction of justice,

532   extortion, and conspiracy to cover up.

533   81.    There is no question that the obstruction and witness tampering statutes can

534   be violated by acts that occur in civil proceedings. The case law is consistent in

535   upholding that any attempt to influence, obstruct or impede the due administration

536   of justice in a civil proceeding violates Section 1503. *United States v Lundwall*, et

537   al. 97 Cr. 0211 (BDP) S.D.N.Y 1 F. Supp. 2d 249; 1998 U.S. Dist. LEXIS 4466 is a

538   perfect example, as it began as a civil case. The actual language of the witness

539   tampering statute and the State equivalent makes it clear that it also applies to civil

540   cases.

541                              **COUNT ONE**
542           **VIOLATION OF 18 U.S. Code § 1512 (WITNESS TAMPERING)**
543       (Federal Defendants Noreen T. Rothman, Ramonita Reyes, Leslie Farucci, Wayne
544                         Humphrey, County of Westchester)
545
546   82.   Plaintiff repeats and realleges each and every allegation contained in

547   paragraph "1" through "81", as though fully set forth herein.

548   83.   Federal Defendants' egregious and unlawful conduct during trial proceedings

549   in witness tampering and obstruction of justice with a reckless disregard for the truth,

550   and were stated with malice causes injury.

551   84.   As a result of the Federal Defendants' acts, Plaintiff now suffers and will

552   continue to suffer irreparable injury and monetary damages, and that Plaintiff is

553   entitled to damages sustained to date and continuing in excess of the amount of **ONE**

554   **HUNDRED AND FIFTY MILLION DOLLARS** ($150,000,000) as well as

555   punitive damages, costs, and attorney's fees.

556                              **COUNT TWO**
557           **VIOLATION OF 18 U.S. Code § 1512 (OBSTRUCTION OF JUSTICE)**
558       (Federal Defendants Noreen T. Rothman, Ramonita Reyes, Leslie Farucci, Wayne

Humphrey, County of Westchester)

85.   Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "81", as though fully set forth herein.

86.   Federal Defendants' egregious and unlawful conduct during trial proceedings in witness tampering and obstruction of justice with a reckless disregard for the truth, and were stated with malice causes injury.

87.   As a result of the Federal Defendants' acts, Plaintiff now suffers and will continue to suffer irreparable injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount **ONE HUNDRED AND FIFTY MILLION DOLLARS** ($150,000,000) as well as punitive damages, costs, and attorney's fees.

**COUNT THREE**
**VIOLATION OF 18 U.S.C.A. §§ 1961, et seq. (EXTORTION)**
(Federal Defendant Leslie Farucci and County of Westchester)

88.   Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "81", as though fully set forth herein

89.   Federal Defendants' egregious and unlawful conduct in extorting Plaintiff with a reckless disregard for the truth, and were stated with malice causes injury.

90.   As a result of the Federal Defendants' acts, Plaintiff now suffers and will continue to suffer irreparable injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **ONE**

582  **HUNDRED AND FIFTY MILLION DOLLARS** ($150,000,000) as well as

583  punitive damages, costs, and attorney's fees.

584                                    **DAMAGES**

585

586

587  91.   As established above, in these instances, Federal Defendants Rothman, Reyes,

588  Farucci, Humphrey, and the County of Westchester portray themselves as witness

589  tamperers and obstructioners of justice and Federal defendant Farucci's conduct in

590  extorting Plaintiff with a reckless disregard for the truth.

591  92.   As a result of the Federal Defendants' acts, Plaintiff now suffers and will

592  continue to suffer irreparable injury and monetary damages, and that Plaintiff is

593  entitled to damages sustained to date and continuing in excess of the amount of

594  **FOUR HUNDRED AND FIFTY MILLION DOLLARS** ($450,000,000) as well

595  as punitive damages, costs, and attorney's fees.

596

597                              **PRAYER FOR RELIEF**

598

599  **WHEREFORE**, Plaintiff prays that Judgment be entered against the Federal

600  defendants, jointly and severally, in  the  amount  of  **FOUR  HUNDRED  and**

601  **FIFTY MILLION DOLLARS** ($450,000,000) for emotional distress damages and

602  injury to reputation, as well as punitive damages, treble damages, attorney's fees,

603  and costs fees.

604

605  **JURY TRIAL IS DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 13, 2018
Santa Clara, Cal.

By:


*P. Stephen Lamont*
_____

P. Stephen Lamont, Pro Se

646
647
648
649
650
651
652
653
654
655
656
657
658
659
660
661
662
663
664
665
666                        **EXHIBIT "A"**
667
668    https://sites.google.com/a/arumaitechnologies.com/arumai-technologies-inc-
669                enabling-connected-tv/home/court-exhibits
670
671
672
673
674
675
676
677
678
679
680
681
682
683
684
685

686
687
688
689
690
691
692
693
694
695
696
697
698
699
700
701
702
703
704
705
706                          **EXHIBIT "B"**
707
708    https://sites.google.com/a/arumaitechnologies.com/arumai-technologies-inc-
709              enabling-connected-tv/home/court-exhibits
710
711
712
713
714
715
716
717
718
719
720
721
722
723
724
725

726
727
728
729
730
731
732
733
734
735
736
737
738
739
740
741
742
743
744
745
746
747
748
749
750
751
752
753
754
755
756
757
758
759
760
761
762
763
764
765

**EXHIBIT "C"**

https://sites.google.com/a/arumaitechnologies.com/arumai-technologies-inc-enabling-connected-tv/home/court-exhibits



Westchester
gov.com

Robert P. Astorino
County Executive

Department of Social Services

Kevin M. McGuire
Commissioner

April 20 , 2016

Dear Mr. Lamont,

This letter is to notify you of your visitation schedule for the month of May

Your next visit is scheduled for at May 6, 2016 4:00 pm
The following visit will be on May 20, 2016 at 4:00 pm

You must confirm your visit by a telephone call by 12:00 pm on May 5th, and by 12:00 pm on May 19th or your visit will be canceled.

My recent attempt to contact you by telephone was unsuccessful due to your number not being in service. Please provide me with an alternate phone number so I can reach you when necessary. I have received your letter regarding items that you stated will be needed for Stephen to attend summer camp. I wanted to discuss what items you were going to purchase for your son on the list provided to me. I hope to see you on May 5th at 3:30 pm, for casework counseling, so we can discuss the Adoption and Safe Families Act (ASFA), which defines certain time frames for children to remain in foster care before further legal intervention is needed in order to achieve permanency for a child. Stephen has been in foster care for over a year and there has been no progress towards the goal of reunification. If you have any questions you may reach me at 995-5928, if not I will see you May 6, 2016 at 3:30.

Leslie

Leslie Farucci, Sr. Social Case worker
Child Welfare Services/Foster Care
White Plains District Office
85 Court Street, 4th Fl
White Plains, NY 10601
Office 914-995-5928
Facsimile 914-995-6339



EXHIBIT "D"



Robert P. Astorino
County Executive

Department of Social Services

Kevin M. McGuire
Commissioner

May 24, 2016

Dear Mr. Lamont,

This letter is to notify you of your visitation schedule for the month of June

Your next visit is scheduled for at June 1, 2016 4:00 pm
Your next visit will be on June 15, 2016 at 4:00 pm
Your next visit will be on June 29, 2016

You must confirm your visit by a telephone call by 12:00 pm on May 31st, June 14th and June 28th or your visit will be canceled.

I hope to see you on June 1st at 3:30 pm, for casework counseling, so we can discuss the Adoption and Safe Families Act (ASFA), which defines certain time frames for children to remain in foster care before further legal intervention is needed in order to achieve permanency for a child.  Stephen has been in foster care for over 16 months and there has been no progress towards the goal of reunification. At this time the Department will be making a referral to the Legal Department to initiate a guardianship petition. If you need Metro cards to attend your visit and planning conferences please let me know in advance so I may get them to you in a timely fashion. Also a Service Plan Review has been scheduled for June 22, 2016 at 10:00 am. Both your visits and Service Plan Review will be held at 112 East Post Road, White Plains on the 4th floor.  If you have any questions you may reach me at 995-5928, if not I will see you June 1, 2016 at 3:30.

Leslie Farucci, Sr. Social Case worker
Child Welfare Services/Foster Care
White Plains District Office
85 Court Street, 4th Fl
White Plains, NY 10601
Office 914-995-5928
Facsimile 914-995-6339

