UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| P. STEPHEN LAMONT,<br><br>Plaintiff,<br><br>v.<br><br>NOREEN T ROTHMAN, et al.,<br><br>Defendants. | Case No.18-cv-02997-VKD<br><br>**ORDER FOR REASSIGNMENT TO DISTRICT JUDGE**<br><br>**ORDER GRANTING IFP STATUS; REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. Nos. 1, 8 |

Pro se plaintiff P. Stephen Lamont filed a complaint and application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 3. At the Court's request, Mr. Lamont subsequently resubmitted his IFP application with additional clarifying comments. Dkt. No. 8. The Court grants Mr. Lamont's IFP application. Having screened the complaint pursuant to 28 U.S.C. § 1915(e), however, the Court finds that it lacks personal jurisdiction over the named defendants.

Although Mr. Lamont has consented to magistrate judge jurisdiction, none of the unserved defendants have consented. Accordingly, the Court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that the complaint be dismissed for lack of personal jurisdiction.

**I.    BACKGROUND**

Mr. Lamont has filed a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., against the County of Westchester ("Westchester"), Noreen T. Rothman, Wayne Humphrey, Ramonita Reyes, and Leslie Farucci. Dkt. No. 1. Ms. Rothman and Mr. Humphrey are Assistant County Attorney and Deputy County

1  Attorney, respectively, for Westchester County, New York. *Id.* ¶¶ 7, 10.  Ms. Reyes and Ms.
2  Farucci are senior caseworkers in the New York State Office of Children and Maltreatment
3  Register. *Id.* ¶¶ 8-9.  The factual allegations in the complaint stem from New York state court
4  proceedings in which that court made a determination of child neglect against Mr. Lamont, and
5  ultimately terminated his parental rights. *Id.* ¶¶ 16, 41.

   Mr. Lamont alleges that defendants and other third parties conspired to terminate his parental rights.  Specifically, Mr. Lamont accuses Ms. Rothman of tampering with Ms. Reyes's and Ms. Farucci's testimony during the neglect and parental rights trials by somehow convincing them to change their testimony and to make false statements under oath. *Id.* ¶¶ 13, 21-22, 27-28, 31-39, 43-48, 83, 86.  He accuses Mr. Humphrey and Westchester of failing to adequately supervise Ms. Rothman. *Id.* ¶¶ 18, 23.  Mr. Lamont also individually accuses Ms. Farucci of "extorting" him by sending him letters that allegedly threatened him with further legal action and out of state adoption if Mr. Lamont did not comply with her demands (i.e., confirm his visits with his son and attend casework counseling sessions). *Id.* ¶¶ 14, 29, 55-58, 89-90, Exs. C and D. Finally, although he specifically declines to name them as defendants in this action, Mr. Lamont also accuses three different New York state court judges of participating in the alleged conspiracy against him by: (1) recusing herself in order to declare a mistrial in the neglect trial so that Ms. Rothman, who (according to Mr. Lamont) had been losing, could "regroup"; (2) halting the neglect proceedings and making a determination of Neglect before Mr. Lamont's attorney could conduct the direct examination of Ms. Reyes; and (3) terminating Mr. Lamont's parental rights before he could complete the 12 months of individual therapy as previously ordered. *Id.* ¶¶ 12, 16-17, 24, 25, 40-42, 60-68.

**II.   LEGAL STANDARD**

The Court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a).

The Court has a continuing duty to dismiss a case filed without the payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make this determination, courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a complaint (or portion thereof) should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

### III. DISCUSSION

#### A. IFP Application

A review of the public dockets reflects that multiple courts in other districts have denied Mr. Lamont's IFP applications over the past few years. *See, e.g.*, *Lamont v. Edwards et al.*, No. 7:15-cv-1159-CS, Dkt. No. 11 (S.D.N.Y. March 31, 2015); *Lamont v. Reyes et al.*, No. 1:17-cv-03173-CM, Dkt. No. 3 (S.D.N.Y. May 10, 2017); *Lamont v. Conner et al.*, No. 1:17-cv-3981-CM, Dkt. Nos. 6 (S.D.N.Y. July 26, 2017). Nevertheless, having evaluated Mr. Lamont's financial affidavit, the Court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants his IFP application.

#### B. Review of the Complaint

The Court notes that this is the fifth time Mr. Lamont has brought a suit in this District

against defendants from New York, some of whom are again named in this action. *See Lamont v. Pilkington et al.*, No. 3:17-cv-05942-WHO, Dkt. No. 24 (N.D. Cal. May 10, 2018) (dismissing case for lack of personal jurisdiction); *Lamont v. Edwards et al.*, No. 3:18-cv-01079-WHO, Dkt. No. 26 (N.D. Cal. May 10, 2018) (same; suing, among others, Reyes, Rothman, Humphrey, and Westchester); *Lamont v. Reyes et al.*, No. 3:18-cv-01421-WHO, Dkt. No. 24 (N.D. Cal. May 10, 2018) (same; suing, among others, Reyes, Farucci, and Westchester); *Lamont v. Petrucelli*, No. 5:18-cv-02790-BLF, Dkt. No. 12 (N.D. Cal. July 12, 2018) (same). The complaint in this case suffers from the same critical defect as Mr. Lamont's other previous cases in the Northern District of California: lack of personal jurisdiction over the defendants. As with his previous cases, all of the factual allegations, events, and people described in the complaint are in New York.

Mr. Lamont asserts that the Court has personal jurisdiction over the defendants "because all factual allegations derive from violations of 18 U.S.C.A. §§ 1961 et seq." Dkt. No. 1 ¶ 2. He also invokes 18 U.S.C. § 1965(a) and (b) in support of his claim of proper venue. *Id.* ¶ 79. Neither provides authority for this Court to exercise personal jurisdiction over the defendants.

### 1. 18 U.S.C. § 1965(a)

Section 1965(a) does not provide this Court with jurisdiction over Mr. Lamont's claims. That subsection reads: "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." The complaint does not plead any facts suggesting that any of the defendants resides, is found, has an agent, or transacts their affairs in the Northern District of California. To the contrary, the complaint suggests the opposite: it pleads that all of the defendants have "principal place[s] of business" in White Plains, New York. *Id.* ¶¶ 7-11.

### 2. 18 U.S.C. § 1965(b)

With respect to 18 U.S.C. § 1965(b), the Ninth Circuit has determined that this subsection confers nationwide jurisdiction over civil RICO claims if (1) the Court has personal jurisdiction over at least one participant in the alleged multidistrict conspiracy, and (2) the plaintiff shows that there is no other district in which a court will have personal jurisdiction over all alleged co-

conspirators.[1] *Butcher's Union Local No. 498 v. SDC Investments, Inc.*, 788 F.2d 535, 538–39 (9th Cir. 1986). Mr. Lamont has made no showing that either of these requirements for nationwide jurisdiction for a civil RICO claim has been satisfied.

<u>*Personal jurisdiction over at least one participant*</u>. "[A] plaintiff may utilize subsection (b) to establish personal jurisdiction over codefendants only if there is personal jurisdiction—using traditional state-based minimum contact analysis—over at least one defendant." *Bray v. Kendall*, No. 08-0535 SC, 2010 WL 56181, at *4 (N.D. Cal. Jan. 5, 2010). A defendant may be subject to personal jurisdiction within a particular judicial district pursuant to theories of either general or specific jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015-16 (9th Cir. 2009). In either case, the "defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). General jurisdiction "permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world," and requires that the defendant be engaged in "continuous and systematic general business contacts" that "approximate physical presence" in the forum. *See Schwarzenegger,* 374 F.3d at 801 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000)). The complaint does not contain any facts suggesting that any of the defendants engaged in "continuous and systematic general business contacts" that "approximate physical presence" in California; rather, it indicates that all such activity occurred in New York.

Alternatively, "a court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court." *Doe v. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir. 2001). The Ninth Circuit has developed a three-pronged test to determine whether specific jurisdiction over a non-resident defendant is

---

[1] This Court does not consider nationwide jurisdiction under 18 U.S.C. § 1965(d), as the Ninth Circuit has thus far addressed only jurisdiction under subsection (b). *See Bray v. Kendall*, No. 08-0535 SC, 2010 WL 56181, at *3–4 (N.D. Cal. Jan. 5, 2010) ("Given the Ninth Circuit's decision with respect to subsection (b), its silence with respect to subsection (d), and other circuit courts' rejection of nationwide service under subsection (d), this Court will not allow Plaintiff to rely on subsection (d) alone to establish jurisdiction.").

5

appropriate:

> 1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> 3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto,* 539 F.3d at 1016 (quoting *Schwarzenegger,* 374 F.3d at 801). Under this test, Mr. Lamont's complaint again fails. There is nothing in the complaint to suggest that any defendants purposefully directed any activities at or with this forum, consummated any transaction with this forum or a resident thereof, or purposefully availed themselves of the privilege of conducting activities here. And because Mr. Lamont's RICO claims arise out of events occurring only in New York, they do not arise out of or relate to any defendant's forum-related activities. The complaint alleges no facts indicating that any alleged conspiracy extended beyond New York, much less to this District.

*No other district with personal jurisdiction*. Mr. Lamont has also made no showing that there is no other district in which a court would have personal jurisdiction over all the alleged co-conspirators. Indeed, the allegations in the complaint indicate that the Southern District of New York would have personal jurisdiction over all the defendants, because that is where they are all located. *See* Dkt. No. 1 ¶¶ 7-11. And, in fact, Mr. Lamont has already attempted multiple times—and continues to attempt—to sue the same defendants in the Southern District of New York. *Lamont v. McGuire et al.*, No. 1:16-cv-03508-CM (Westchester); *Lamont v. Rothman et al.*, No. 7:16-cv-02373-CS (S.D.N.Y.) (Rothman, Reyes, Westchester); *Lamont v. Farucci et al.*, No. 7:16-cv-07746-KMK (S.D.N.Y.) (Farucci, Rothman, Westchester); *Lamont v. Farucci et al.*, No. 7:16-cv-08859-KMK (S.D.N.Y.) (Farucci, Rothman, Westchester); *Lamont v. Reyes et al.*, No. 1:17-cv-03173-CM (S.D.N.Y.) (Reyes, Farucci, Westchester); *Lamont v. Reyes et al.*, No. 1:18-cv-07120-UA (S.D.N.Y.) (Reyes, Farucci, Westchester).

The Court concludes that neither requirement for nationwide jurisdiction under 18 U.S.C. § 1965(b) has been satisfied, and therefore no personal jurisdiction exists over the defendants. *Butcher's Union*, 788 F.2d at 538–39.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Lamont's IFP application, directs the Clerk to REASSIGN this action to a district judge, and RECOMMENDS that the newly assigned district judge DISMISS this action for lack of personal jurisdiction without prejudice to Mr. Lamont bringing his claims in the proper federal forum.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

The initial case management conference scheduled for October 16, 2018 is VACATED.

**IT IS SO ORDERED.**

Dated: August 17, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge