UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| P. STEPHEN LAMONT,<br><br>    Plaintiff,<br><br>vs.<br><br>NOREEN T ROTHMAN, et al.,<br><br>    Defendants. | Case No: C 18-02997 SBA<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING ACTION**<br><br>Dkt. 13 |

Plaintiff P. Stephen Lamont ("Plaintiff"), acting pro se and in forma pauperis, brings the instant civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq. Dkt. 1. The matter before the Court is the Report and Recommendation to Dismiss for Lack of Personal Jurisdiction ("R&R) prepared by Magistrate Judge Virginia K. DeMarchi ("Magistrate Judge"). Dkt. 13. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby ADOPTS the R&R and DISMISSES the action, for the reasons stated below.

I. **BACKGROUND**

The factual and procedural background is set forth in greater detail in the R&R. In brief, the instant action arises out of a New York state court proceeding, wherein Plaintiff's parental rights were terminated. R&R at 1-2. Plaintiff names as defendants various actors in the state court proceeding, i.e., Westchester County, the Assistant and Deputy County Attorneys for Westchester, and two senior caseworkers for the "New York State Office of Children and Maltreatment Register." Id. It is apparent that "the factual allegations, events, and people described in the complaint are in New York." Id. at 4.

As noted by the Magistrate Judge, Plaintiff has previously filed at least four other actions in this district against various New York defendants, some of whom are also named in the instant action. Id. at 3-4 (citing Lamont v. Pilkington, No. 3:17-cv-05942-WHO, Dkt. 24 (N.D. Cal. May 10, 2018) (dismissing action for lack of personal jurisdiction); Lamont v. Edwards, No. 3:18-cv-01079-WHO, Dkt. 26 (N.D. Cal. May 10, 2018) (same); Lamont v. Reyes, No. 3:18-cv-01421-WHO, Dkt. 24 (N.D. Cal. May 10, 2018) (same); Lamont v. Petrucelli, No. 5:18-cv-02790-BLF, Dkt. 12 (N.D. Cal. July 12, 2018) (same)). In addition, he has filed suits in both this district and the Southern District of New York concerning the events underlying the instant action. Id.

On May 22, 2018, Plaintiff filed the instant Complaint for Violation of 18 U.S.C.A. §§ 1961 et seq. Dkt. 1. Plaintiff alleges that the Court has personal jurisdiction over the defendants "because all factual allegations derive from violations of 18 U.S.C.A. §§ 1961 et seq." Id. ¶ 1. As noted by the Magistrate Judge, Plaintiff also invokes 18 U.S.C. § 1965(a) and (b) in support of his claim of proper venue. Id. ¶ 79.

Under 18 U.S.C. § 1965(b), a district court may exercise personal jurisdiction over nonresident participants in an alleged RICO conspiracy, even if those defendants otherwise would not be subject to the court's jurisdiction. Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 538-39 (9th Cir. 1986). In order to establish such jurisdiction, the plaintiff must show that (1) the court has personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy; and (2) there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators. Id.

On August 17, 2018, the Magistrate Judge issued the R&R, finding that Plaintiff fails to satisfy either of the requirements for jurisdiction under section 1965(b). R&R at 4-5. First, it has not been shown that *any* defendant has the requisite minimum contacts with the forum to support the exercise of personal jurisdiction. Id. at 5-6. Second, it has not been shown that no other district court would have personal jurisdiction over all of the alleged co-conspirators. Id. at 6. To the contrary, the allegations of the Complaint tend to show that the Southern District of New York would have personal jurisdiction over each of

the defendants. Id. The Magistrate Judge therefore recommends dismissal for lack of personal jurisdiction over the nonresident defendants. Id. at 7.

On August 17, 2018, Plaintiff filed an Objection to the R&R. Dkt. 14. The next day, he also filed a Memorandum of Law in support of his objections. Dkt. 15. As discussed in detail below, the Court finds that Plaintiff's objections lack merit.

## II.   LEGAL STANDARDS

### A.   IFP PLEADINGS

A district court may authorize the commencement of an action without prepayment of fees by a litigant who demonstrates that he is unable to pay. 28 U.S.C. §1915(a)(1). The Court has a continuing duty to dismiss such an action, however, if it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Id. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim.") (emphasis added).

### B.   REVIEW OF MAGISTRATE'S R&R

A magistrate judge may prepare findings and recommendations on dispositive matters without the consent of the parties pursuant to 28 U.S.C. § 636(b)(1). Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992). Once findings and recommendations are served, the parties have fourteen days to file specific written objections thereto. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). A district judge must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

As discussed above, the Magistrate Judge recommends dismissal of the instant action upon the finding that the Court lacks personal jurisdiction over the nonresident defendants. Much of Plaintiff's Objection fails to respond to the Magistrate Judge's findings and recommendations. For example, Plaintiff reiterates that "[his son] has been wrongly placed in foster care" and that "no amount of money damages will ever erase the indelible emotional scare [*sic*] that Plaintiff and [his son] will carry for the rest of their lives." Obj. ¶¶ 3, 5. These assertions go to the substance of Plaintiff's alleged injury, and do not address the threshold issue of personal jurisdiction.

The only matter of potential relevance in the Objection is Plaintiff's assertion that "[t]he Southern District of New York has already notified Plaintiff that they will not allow this action to proceed in SDNY for violations that occurred in State Court." Id. ¶ 1.[1] Plaintiff appears to offer this information in an attempt to refute the Magistrate Judge's finding that Plaintiff has failed to show that no other court would have personal jurisdiction over the alleged co-conspirators. Plaintiff's unsupported assertion regarding the Southern District of New York is insufficient for at least two reasons, however.

First, Plaintiff has made no showing that the Southern District of New York rejected his claims *for lack of personal jurisdiction*. The fact that his claims may be barred or fail in the Southern District of New York for reasons other than a lack of personal jurisdiction does not satisfy the requirements of section 1965(b). Butcher's Union Local No. 498, 788 F.2d at 538-39 (there must be no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators). Second, even if no other district court—including the Southern District of New York—would have personal jurisdiction over all of the defendants, section 1965(b) remains unsatisfied in this Court for want of personal jurisdiction over *at least one* defendant. Id. (the court must have personal jurisdiction over at least one of the participants in the alleged conspiracy). On that matter,

---

[1] Plaintiff offers no evidence in support of his assertion regarding the outcome of any proceedings in the Southern District of New York.

Plaintiff does not dispute that the nonresident defendants lack the requisite minimum contacts with the forum to support the exercise of individual personal jurisdiction.

Plaintiff's Memorandum of Law fares no better. Plaintiff relies on <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980) for the proposition that the Court may, in its discretion, keep the action on its docket. Mem. of Law at 4. In particular Plaintiff cites the reasonableness factors set forth in <u>World-Wide Volkswagen</u>, arguing that these factors support the exercise of jurisdiction. The reasonableness factors are: (1) "the burden on defendant;" (2) "the forum State's interest in adjudicating the dispute;" (3) "the plaintiff's interest in obtaining convenient and effective relief;" (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and (5) the "shared interest of the several States in furthering fundamental substantive social policies." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476-77 (1985) (quoting <u>World-Wide Volkswagen</u>, 444 U.S. at 292). Plaintiff misreads <u>World-Wide Volkswagen</u>, however.

Personal jurisdiction is a two-pronged inquiry: "The contacts prong asks whether the defendant has sufficient contacts with the forum State to support personal jurisdiction; the reasonableness prong asks whether the exercise of jurisdiction would be unreasonable under the circumstances." <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 144 (2014) (Sotomayor, J., concurring) (citing <u>Burger King</u>, 471 U.S. at 475-78). If a defendant has the requisite minimum contacts with the forum state, a court may consider the reasonableness factors set forth in <u>World-Wide Volkswagen</u> to determine whether the exercise of personal jurisdiction over the defendant comports with traditional notions of "fair play and substantial justice." <u>Burger King</u>, 471 U.S. at 476-77 (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 320 (1945)). "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a *lesser* showing of minimum contacts than would otherwise be required." <u>Id.</u> at 477 (emphasis added). Nonetheless, "the fairness factors cannot of themselves invest the court with jurisdiction over a nonresident [defendant]" *without* a showing of minimum contacts. <u>Entek Corp. v. Sw. Pipe & Supply Co.</u>, 683 F. Supp. 1092, 1097 (N.D. Tex. 1988) (citing <u>World-Wide Volkswagen</u>, 444 U.S. at 294).

Here, given the absence of any showing of minimum contacts between the defendants and the forum, the Magistrate Judge correctly found personal jurisdiction to be lacking.  Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's objections are OVERRULED, the report and recommendation of the Magistrate Judge is ADOPTED, and the instant action is DISMISSED without leave to amend.  Said dismissal is without prejudice to Plaintiff's ability to bring his claims before a court that enjoys personal jurisdiction over the defendants.  The Court certifies that any appeal taken from this order will not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  The Clerk shall terminate all pending matters and close the file.

IT IS SO ORDERED.

Dated: 8/29/18

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge